```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


MARK GILMORE

VERSUS                                    CIVIL ACTION

DEPUTY E. BEAUCHAMP, ET AL                NUMBER 09-71-JVP-SCR
```

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 14, 2010.

```
                          STEPHEN C. RIEDLINGER
                          UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARK GILMORE

VERSUS                                                    CIVIL ACTION

DEPUTY E. BEAUCHAMP, ET AL                                NUMBER 09-71-JVP-SCR

MAGISTRATE JUDGE'S REPORT

This case is before the court on the order to the plaintiff to show cause why the complaint should not be dismissed for failure to prosecute pursuant to Local Rule 41.3M.  Record document number 12.

On December 14, 2009, the plaintiff was ordered to show cause why his complaint should not be dismissed for failure to prosecute pursuant to Local Rule 41.3M.  Plaintiff failed to respond to the show cause order.

This action was filed on February 3, 2009.  Defendants E. Beauchamp and Rev. Marcus Jackson were served with the summons and complaint on April 7, 2009.[1]  Summons was returned unexecuted on defendant deputy Cooper.[2]  An answer was filed on behalf of defendants Beauchamp, Jackson and Cooper on May 1, 2009.[3]  This matter has been pending over eight months without the plaintiff

---

[1] Record document numbers 7 and 8.

[2] Record document number 9.

[3] Record document number 10.

taking any other action to prosecute his claims.

A district court may dismiss an action for failure to prosecute. Rule 41(b), Fed.R.Civ.P.; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Local Rule 41.3M(C) provides that a case may be dismissed "[w]here a cause has been pending six months without proceedings being taken within such period." The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Dismissal of the plaintiff's complaint would be effectively with prejudice since if it were re-filed it would be subject to Louisiana's one-year statute of limitations. LSA-C.C. art. 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989).

It is clear that the plaintiff has lost interest in prosecuting this action. In addition to taking no action to further prosecute this case, the plaintiff has failed to respond to this court's show cause order.

As a practical matter, the case cannot proceed if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case. Imposition of sanctions short of dismissal would be ineffective in the circumstances of this case.

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for failure to prosecute pursuant to Local Rule 41.3M.

Baton Rouge, Louisiana, January 14, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE